IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:21-CT-03157-D

| BRANDON CASE, | ) | |
|---|---|---|
| Plaintiff, | ) | **ANSWER** |
| v. | ) | |
| BEASLEY, *et al.*, | ) | |
| Defendants. | ) | |

NOW COME Defendants Beasley and Urieta (hereinafter "Defendants"), through counsel, Assistant Attorney General Norlan Graves answering Plaintiff's Complaint [D.E. 1] as follows:

**Introduction**

1. Answering Paragraph 1, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, Paragraph 1, Complaint, is denied.

2. Answering Paragraph 2, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, Paragraph 2, Complaint, is denied.

3. Answering Paragraph 3, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42

U.S.C. § 1983. Except as admitted herein, Paragraph 3, Complaint, is denied.

4. Answering Paragraph 4, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, Paragraph 4, Complaint, is denied.

## Jurisdiction & Venue

5. Answering Paragraph 5, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that venue has been properly pled by Plaintiff. Except as admitted herein, Paragraph 5, Complaint, is denied.

6. Answering Paragraph 6, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that venue has been properly pled by Plaintiff. Except as admitted herein, Paragraph 6, Complaint, is denied.

7. Answering Paragraph 7, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that venue has been properly pled by Plaintiff. Except as admitted herein, Paragraph 7, Complaint, is denied.

## Parties

8. Answering Paragraph 8, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff is an inmate within the North Carolina Department of Corrections. It is expressly denied that Plaintiff is an inmate at Warren

2

Case 5:21-ct-03157-D    Document 15    Filed 09/13/21    Page 2 of 11

Correctional. Except as admitted herein, Paragraph 8, Complaint, is denied.

9. Answering Paragraph 9, Complaint, is admitted.

10. Answering Paragraph 10, Complaint, is admitted.

11. Answering Paragraph 11, Complaint, there are no allegations directed to Defendants, and therefore no response is required. Except as admitted herein, Paragraph 11, Complaint, is denied.

## Factual Allegations

### Safekeepers

12. Answering Paragraph 12, Complaint, is admitted.

13. Answering Paragraph 13, Complaint, is admitted.

14. Answering Paragraph 14, Complaint, is admitted.

15. Answering Paragraph 15, Complaint, is admitted.

16. Answering Paragraph 16, Complaint, is expressly denied as worded.

17. Answering Paragraph 17, Complaint, is expressly denied as worded.

18. Answering Paragraph 18, Complaint, is admitted.

19. Answering Paragraph 19, Complaint, is expressly denied as worded.

20. Answering Paragraph 20, Complaint, is expressly denied as worded.

21. Answering Paragraph 21, Complaint, is expressly denied as worded.

22. Answering Paragraph 22, Complaint, is expressly denied as worded.

### Officers Beasley and Urieta Allow Kenneth Kennion to Attack Brandon Case

23. Answering Paragraph 23, Defendants can neither admit or deny at this time.

24. Answering Paragraph 24, Complaint, is admitted.

25. Answering Paragraph 25, Defendants can neither admit or deny at this time.

26. Answering Paragraph 26, Defendants can neither admit or deny at this time.

27. Answering Paragraph 27, Defendants can neither admit or deny at this time.

28. Answering Paragraph 28, Defendants can neither admit or deny at this time.

29. Answering Paragraph 29, Complaint, is admitted.

30. Answering Paragraph 30, Complaint, is expressly denied as worded.

31. Answering Paragraph 31, Complaint, is expressly denied as worded.

32. Answering Paragraph 32, Defendants can neither admit or deny at this time.

33. Answering Paragraph 33, Defendants can neither admit or deny at this time.

34. Answering Paragraph 34, Defendants can neither admit or deny at this time.

35. Answering Paragraph 35, Defendants can neither admit or deny at this time.

## Case's Emergency Treatment

36. Answering Paragraph 36, Complaint, is admitted.

37. Answering Paragraph 37, Defendants can neither admit or deny at this time.

38. Answering Paragraph 38, Complaint, is admitted.

39. Answering Paragraph 39, Complaint, is admitted.

40. Answering Paragraph 40, Complaint, is admitted.

41. Answering Paragraph 41, Defendants can neither admit or deny at this time.

42. Answering Paragraph 42, Defendants can neither admit or deny at this time.

43. Answering Paragraph 43, Defendants can neither admit or deny at this time.

44. Answering Paragraph 44, Defendants can neither admit or deny at this time.

45. Answering Paragraph 45, Defendants can neither admit or deny at this time.

46. Answering Paragraph 46, Defendants can neither admit or deny at this time.

47. Answering Paragraph 47, Defendants can neither admit or deny at this time.

48. Answering Paragraph 48, Defendants can neither admit or deny at this time.

49. Answering Paragraph 49, Defendants can neither admit or deny at this time.

50. Answering Paragraph 50, Defendants can neither admit or deny at this time.

51. Answering Paragraph 51, Complaint, is admitted.

52. Answering Paragraph 52, Complaint, is admitted.

## Case's Injuries and Pain

53. Answering Paragraph 53, Defendants can neither admit or deny at this time.

54. Answering Paragraph 54, Defendants can neither admit or deny at this time.

55. Answering Paragraph 55, Defendants can neither admit or deny at this time.

56. Answering Paragraph 56, Defendants can neither admit or deny at this time.

## Other Attacks

57. Answering Paragraph 57, Defendants can neither admit or deny at this time.

58. Answering Paragraph 58, Defendants can neither admit or deny at this time.

59. Answering Paragraph 59, Defendants can neither admit or deny at this time.

## First Claim for Relief

60. Answering Paragraph 60, Complaint, there are no allegations directed to Defendants, and therefore no response is required. Except as admitted herein, Paragraph 60, Complaint, is denied.

61. Answering Paragraph 61, Complaint, is expressly denied as worded.

62. Answering Paragraph 62, Complaint, is expressly denied as worded.

63. Answering Paragraph 63, Complaint, is expressly denied as worded.

64. Answering Paragraph 64, Complaint, is expressly denied as worded.

65. Answering Paragraph 65, Complaint, is admitted.

66. Answering Paragraph 66, Complaint, is expressly denied as worded.

### Second Claim for Relief

67. Answering Paragraph 67, Complaint, there are no allegations directed to Defendants, and therefore no response is required. Except as admitted herein, Paragraph 67, Complaint, is denied.

68. Answering Paragraph 68, Complaint, is expressly denied as worded.

69. Answering Paragraph 69, Complaint, is expressly denied as worded.

70. Answering Paragraph 70, Complaint, is expressly denied as worded.

71. Answering Paragraph 71, Complaint, is expressly denied as worded.

72. Answering Paragraph 72, Complaint, is admitted.

73. Answering Paragraph 73, Complaint, is expressly denied as worded.

### Prayer for Relief

Denied including all fees/costs, compensatory, declaratory, injunctive relief and punitive damages sought by Plaintiff herein against Defendants. It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for fees/costs, compensatory, declaratory, injunctive relief and/or punitive damages against Defendants.

ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, DEFENDANT AVERS:

### FIRST DEFENSE

To the extent Plaintiff seeks to recover money damages from Defendants in their official capacities, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not

6

Case 5:21-ct-03157-D    Document 15    Filed 09/13/21    Page 6 of 11

consented to suit or otherwise waived such immunity.

## SECOND DEFENSE

Qualified immunity shields Defendants in their individual capacity from Plaintiff's claims against them for monetary damages as Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known.

## THIRD DEFENSE

At the time of the incident alleged in the Complaint, Defendants were public officials and any claims against them in their individual capacities are barred by the doctrine of public official immunity.

## FOURTH DEFENSE

Defendants deny that they deprived Plaintiff of any right under the Constitution of the United States or other federal law. Plaintiff has failed to allege facts to support a finding that Defendants subjected him to cruel and unusual punishment, deliberate indifference, or a violation of Plaintiff's rights under the Constitution. Plaintiff's Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege a violation of the Constitution by Defendants.

## FIFTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants plead this failure in bar of Plaintiff's claims against them.

## SIXTH DEFENSE

No act or failure to act by Defendants was the proximate cause of the injuries or damages, if any, complained of by Plaintiff.

**SEVENTH DEFENSE**

Plaintiff had a duty to exercise reasonable care for his own safety and well-being. As a direct and proximate result of his own contributory negligence, Plaintiff contributed in whole or in part to the injury of which Plaintiff now complains, and Defendants plead the contributory negligence of Plaintiff in bar of Plaintiff's claims against them.

**EIGHTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendants required to support a claim for punitive damages.

**NINTH DEFENSE**

Defendants' conduct was at all times in accordance with the applicable standards of care and no alleged act or alleged failure to act was the proximate cause of any harm or injury sustained by the Plaintiff and such is a complete bar to recovery by Plaintiff as against Defendants.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act. Plaintiff was required to exhaust his administrative remedies with the North Carolina Department of Public Safety ("NCDPS") in accordance with the Division of Prisons, Administrative Remedy Procedure ("ARP") policy, Chapter G, § .0300 *et seq.* Defendants specifically plead Plaintiff's failure to exhaust all administrative remedies as a defense to all applicable claims asserted in this action. Defendants reserve the right to move to dismiss Plaintiff's Complaint for failure to exhaust

the available administrative remedies pursuant to the NCDPS Administrative Remedy Procedure.

**ELEVENTH DEFENSE**

The statute of limitations bars some or all of the claims asserted by Plaintiff in the Complaint, and Defendants plead the statute of limitations as a complete bar to all applicable claims.

**TWELFTH DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendants, as state employees, while acting within the course and scope of their employment with the NCDPS.

**THIRTEENTH DEFENSE**

Defendants affirmatively assert that they engaged in good faith efforts to comply with the law. To the extent that a reasonable accommodation could not be made, Defendants specifically plead the affirmative defense of undue hardship. Further, Defendants assert that Plaintiff is not a qualified individual with a disability as defined by Federal law.

**FOURTEENTH DEFENSE**

Defendants contend that Plaintiff's claims in this case should be dismissed pursuant to the "three strikes" provision of the Prison Litigation Reform Act "PLRA", 28 U.S.C. § 1915(g), which prohibits a prisoner from filing a lawsuit with payment of fees or on an *informa pauperis* basis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint [D.E. 1], and having asserted the above-noted affirmative defense and immunities, Defendants pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from them in this action;

3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;

4. For such other and further relief as the Court deems just and proper; and

5. For a trial by jury of all issues of fact herein.

Respectfully submitted, this the 13th day of September 2021

**JOSHUA H. STEIN**
**Attorney General**

/s/Norlan Graves
Norlan Graves
Special Deputy Attorney General
N.C. State Bar No. 39709
N.C. Department of Justice
Public Safety Section
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
P: (919) 716-6516
F: (919) 716-6761
E-Mail: ngraves@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this **ANSWER** with the Clerk of the Court using the CM/ECF System.

Alison R. Leff, Esq.  
Law Office of Thomas R. Kayes, LLC  
2045 W Grand Ave., Suite B, PMB 62448  
Chicago, IL 60612  
*Attorneys for Plaintiff*

G. Christopher Olson  
Olson Law, PLLC  
514 Daniels Street, #136  
Raleigh, NC 27605  
*Attorneys for Plaintiff*

This the 13th day of September 2021.

/s/Norlan Graves.  
NORLAN GRAVES  
Special Deputy Attorney General