THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3157-D

| BRANDON CASE, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | **Plaintiff's Response in Opposition to** |
| v. | ) | **Defendants' Final Motion to Extend** |
| | ) | **Expert Disclosure Deadline** |
| BRANDON BEASLEY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Court should deny Defendants' Final Motion to Extend Expert Disclosure Deadline (ECF No. 44) because Defendants filed the motion more than three weeks after the deadline passed and have not demonstrated good cause for the relief they seek. Defendants have thus failed to satisfy Federal Rule of Civil Procedure 6(b).

**Background**

Plaintiff Brandon Case filed this lawsuit on June 7, 2021, alleging that, while he was a prisoner of North Carolina living at Central Prison, correctional officers failed to protect him from being attacked by another prisoner who was known to be violent and dangerous. (ECF No. 1.) After the attack, Plaintiff was brought to Duke Medical Center where he underwent surgery to repair injuries to the bones around his eyes and nose.

Plaintiff conducted substantial written and oral discovery, and fact discovery closed on December 26, 2022. (ECF No. 37.) Plaintiff retained, Dr. Kenya Williams, an oculoplastic surgeon and professor of medicine at an academic medical center, to provide an expert opinion regarding the nature and extent of his injuries. Plaintiff disclosed Dr. Williams' expert report on

February 27, 2023, after requesting and receiving an additional 30 days to accommodate conflicts with Dr. Williams' professional schedule. (ECF Nos. 40, 41.)

After Plaintiff's motion to extend the expert schedule, Defendants' Rule 26(a)(2) reports and disclosures were due March 28, 2023. (ECF No. 41.) On that day, Defendants filed a motion seeking "an order extending the expert disclosure and report deadline by 30 days." (ECF No. 42 ¶ 9.) In support of their motion, Defendants told the court: "Defendants wish to extend the deadline for serving their expert report to accommodate the expert witness's schedule." (*Id*. at ¶ 11.) Plaintiff did not oppose the motion.[1] The Court granted it, extending Defendants' deadline for disclosing reports from retained experts to April 27, 2023. (ECF No. 43.) In the same order, the Court ordered the parties to disclose reports from rebuttal experts by May 19, 2023. (*Id.*)

Defendants did not disclose any experts or serve any expert reports on April 27, 2023. More than three weeks later, on May 19, 2023, defense counsel emailed Plaintiff's counsel at 11:32 p.m. ET notifying Plaintiff that Defendants planned to "ask for a final extension on the expert report." The same minute, Defendants filed the motion now before the Court, which seeks an order extending their deadline for serving expert reports to June 9, 2023. (ECF No. 44.) The motion asserted: "Undersigned counsel reached out to plaintiff's counsel but has not heard back whether they consent." (*Id.* at ¶ 13.) Plaintiff opposes the requested extension.

## Argument

### A. Defendants' Motion is Untimely

The Court should deny Defendants' motion because it was filed more than three weeks

---

[1] Defense counsel emailed Plaintiff's counsel at 10:20 p.m. ET on March 28, 2023 to ask if Plaintiff opposed the motion. Counsel then filed the motion just before midnight, before Plaintiff had a chance to respond to counsel's email. But Plaintiff later informed the Court by email that he would not oppose the extension.

too late. Defendants seek relief under Federal Rule of Civil Procedure 6(b)(1)(A), which provides: "When an act may or must be done within a specified time the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expired." As requested in their March 28 motion, Defendants' deadline "for disclosure of experts and reports" was April 27, 2023. (ECF No. 42.) The May 19 deadline Defendants reference in their motion is the *rebuttal* deadline—*Plaintiff's* deadline to respond to Defendants' experts—not the deadline for Defendants' Rule 26(a)(2) reports. Defendants' first extension motion, in which they requested the April 27 deadline, shows that they understand the relevant deadline was April 27, not May 19. Because Defendants did not seek a second extension of their deadline for Rule 26(a)(2) disclosures "before [their] extension expired," they do not qualify for relief under Rule 6(b)(1)(A). The Court should deny their motion.

### B. Even if Defendants' Motion Were Timely, They Have Not Shown Good Cause

The Court should deny Defendants' motion even if it chooses to apply the good cause standard of Rule 6(b)(1)(A) or the excusable neglect standard of Rule 6(b)(1)(B). *See* Fed. R. Civ. P. 6(b)(1)(B) (authorizing court to extend deadlines "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect"). Though Rule 6(b)(1)(B) "nominally requires a showing of both 'good cause' and 'excusable neglect,' the practical difference between the good cause and excusable neglect standard is difficult to discern. Indeed, in another context, 'good cause' has been equated with 'excusable neglect.'" *Peche v. Keller*, No. 1:11-cv-362, at *14 (M.D.N.C. June 12, 2012) (cleaned up; citation omitted). Courts in this circuit have found that "the United States Court of Appeals for the Fourth Circuit effectively has collapsed these requirements into a single inquiry." *Peche*, No. 1:11-cv-362, at *14 (citing *Lovelace v. Lee*, 472 F.3d 174, 203–04 (4th Cir. 2006)). "The good cause standard

3

precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Neighborhood Networks Publ'g, Inc. v. Lyles*, No. 7:19-CV-89-BO, at \*14 (E.D.N.C. Jan. 31, 2021) (citing *Cook v. Howard*, 484 Fed. App'x 805, 815 (4th Cir. 2012)).

Defendants have not shown they were diligent in pursuing expert discovery. Though their earlier extension motion references an expert's busy schedule (ECF No. 42), they do not discuss that expert in their second motion, nor do they say whether the expert was able to finish his/her work in the additional time the Court provided. (ECF No. 44.) Defendants instead assert that the "Defense of State Employees Act . . . has made it more difficult than normal and bureaucratic regarding the process of working with experts and handling all the necessary processes", "complicat[ing] the timeline" for their disclosure. (ECF No. 44 ¶ 8.) That vague language does not provide enough information to conclude Defendants were diligent. What problem do they face? Which necessary process has been difficult? How long have they been working to complete that process? What steps remain to complete the process? How long will it take to complete those steps? Who is their expert? Is the expert's report complete? Defendants' motion raises more questions than it answers.

Moreover, Defendants have not demonstrated diligence in defending this case at any point leading up to expert discovery. The case has been pending for nearly two years. (ECF No. 1.) Yet Defendants have not served any written discovery on Plaintiff, subpoenaed any third-party, or noticed or taken any depositions. They note in their motion that Defendants Beasley and Urieta "filed an Answer and raised defenses as to plaintiff's Complaint," citing their answer to the original complaint, ECF No. 15. (ECF No. 44 ¶ 3.) But the original complaint is not the operative pleading: with the Court's permission, Plaintiff filed an Amended Complaint on August 11, 2022, naming Kenny Custodio as an additional defendant. (ECF No. 31.) Beasley's

and Urieta's response was due in August 2022, and Custodio's was due in October 2022 (ECF No. 34). No defendant has answered the Amended Complaint or asserted any affirmative defenses. Defendants' general lack of diligence in defending the case and their failure to show they have been diligently working on expert discovery support an order denying their motion. *See Neighborhood Networks*, No. 7:19-cv-89-BO, at *14 (finding no good cause for extension of scheduling order where, over "a period of almost ten months, plaintiffs issued no written discovery, made no expert disclosures or any other disclosures, or requested or noticed any deposition"); *Hayward v. McCabe*, No. 1:11-cv-00644-RBH, at *3–4 (D.S.C. Mar. 30, 2012) (finding no good cause or excusable neglect and admonishing: "Petitioner should not have waited until the last minute to request additional time, assuming the Court would grant his request."); *Peche*, No. 1:11-cv-362 at *20 (finding excusable neglect where counsel suffered a medical emergency and was incapacitated from working).

## Conclusion

For all those reasons, the Court should deny Defendants' request for another 21 days to make their Rule 26(a)(2) disclosures. But if the Court is inclined to grant Defendants additional time, Plaintiff requests that the Court order Defendants to produce documents showing that they retained an expert before their March 28, 2023 filing and confining any future expert disclosure to reports from that retained expert only.

5

Dated: May 22, 2023          Respectfully submitted,

                                            /s/ Alison R. Leff

                                            Alison R. Leff
                                            The Civil Rights Group, LLC
                                            2045 W Grand Ave, Ste B, PMB 62448
                                            Chicago, IL 60612
                                            (708) 722-2241 (phone)
                                            alison@civilrightsgroup.com
                                            Ill. Bar No. 6296422
                                            Attorney for Plaintiff

                                            G. Christopher Olson
                                            Olson Law, PLLC
                                            514 Daniels St., #136
                                            Raleigh, NC 27605
                                            (919) 624-3718
                                            chris@olsonlaw-pllc.com
                                            Fax: (919) 834-1071
                                            N.C. State Bar No. 21223
                                            Local Civil Rule 83.1(d) Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I caused a copy of this document to be served on counsel of record for all parties by filing it via CM/ECF.

Dated: May 22, 2023                                    /s/ Alison R. Leff
                                                                                       One of Plaintiff's Attorneys