IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3157-D

BRANDON CASE,  )
             )
     Plaintiff,  )
             )
  v.         )        **ORDER**
             )
OFFICER BEASLEY, et al.,  )
             )
     Defendants.  )

Brandon Case, a state inmate represented by counsel, brings this action under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights and seeking damages. See Am. Compl. [D.E. 31]. Plaintiff alleges that correctional officers at Central Prison violated 42 U.S.C. § 1983 by failing to protect Case from another inmate's assault. Case seeks partial summary judgment on count three of the amended complaint against defendant Custodio [D.E. 49] and moves for leave to manually file two video exhibits [D.E. 53].

Defendants seek an extension of time until September 4, 2023, to file any dispositive motions [D.E. 54]. Case opposes the motion, noting that "[d]efendants have not demonstrated diligence at any point leading up to summary judgment.... Defendants have not served any written discovery on Plaintiff, subpoenaed any third-party, or noticed or taken any depositions." [D.E. 55] 3. Case also contends that "there is no viable path to summary judgment for Defendants[]" because they "have forfeited a qualified immunity—or any other—affirmative defense" and have admitted the allegations of the amended complaint by failing to file an answer. Id. 4.

The court sympathizes with plaintiff's counsel's frustration. Defense counsel has a "history ... [of] fail[ing] to adhere to the Court's deadlines and [of being] generally nonresponsive[.]"

Order, Griffin v. Hooks, No. 3:19-CV-135 (W.D.N.C. Oct. 27, 2021), [D.E. 149]; see also Order, Griffin v. Hooks, No. 3:19-CV-135 (W.D.N.C. Mar. 11, 2022), [D.E. 159]; Order, McClellan v. Schetter, No. 1:20-CV-189 (W.D.N.C. Dec. 8, 2021), [D.E. 48]; Order, McNeill v. Herring, No. 3:18-CV-189 (W.D.N.C. Oct. 13, 2021), [D.E. 63]; Order, Griffin v. Hooks, No. 3:19-CV-135 (W.D.N.C. July 28, 2021), [D.E. 121] 3 ("At this point, defense counsel and his client would be much better served to seek the assistance of other attorneys in defense counsel's office to litigate this case to its resolution, as defense counsel makes no consistent effort to manage this case properly and professionally himself." (emphasis omitted)); Order, Griffin v. Hollar, No. 5:19-CV-49-MR (W.D.N.C. Feb. 10, 2021), [D.E. 74]. Nevertheless, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, the Fourth Circuit requires only that a defendant raise the defense of qualified immunity "in a timely fashion before the district court." Noel v. Artson, 297 F. App'x 216, 218 (4th Cir. 2008) (per curiam) (unpublished) (collecting cases); cf. Hall v. Carl, No. 22-5702, 2023 WL 2553861, at *3 (6th Cir. Mar. 17, 2023) (unpublished); Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999), overruled on other grounds by Desert Palace v. Costa, 539 U.S. 90 (2003). Moreover, the Prison Litigation Reform Act of 1995 governs; therefore, defendants' failure to respond to the amended complaint does not constitute an admission of the pleadings' factual allegations or a waiver of affirmative defenses. See 42 U.S.C. § 1997e(b)(1); Jones v. Bock, 549 U.S. 199, 213–14 (2007); Walker v. Schult, 45 F.4th 598, 616 (2d Cir. 2022); Gould v. Vergara, No. 18-CV-05427, 2020 WL 533002, at *1 n.3 (N.D. Cal. Feb. 3, 2020) (unpublished); Steele v. Wetzel, No. 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015)

2

(unpublished) (collecting cases), report and recommendation adopted, 2015 WL 7734103 (E.D. Pa. Nov. 30, 2015) (unpublished). Accordingly, the court grants defendants' motion for an extension of time.

In sum, the court GRANTS plaintiff's motion for leave to manually file two video exhibits [D.E. 53], and DIRECTS plaintiff's counsel to manually file the exhibits with the clerk's office on or before August 25, 2023. The court GRANTS defendants' motion for an extension of time [D.E. 54], and defendants shall have until September 5, 2023, to file any dispositive motions. **There will be no further extension of this deadline.** If any defendant seeks to assert the defense of qualified immunity, his motion shall address King v. Riley, No. 22-6410, __ F.4th __, 2023 WL 4982353 (4th Cir. Aug. 4, 2023). Plaintiff shall have the opportunity to respond in opposition.

SO ORDERED. This 16 day of August, 2023.

JAMES C. DEVER III
United States District Judge