IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:21-CT-03157-D

| | |
|---|---|
| BRANDON CASE, | ) |
| | ) **MEMORANDUM OF LAW IN** |
| Plaintiff, | ) **SUPPORT OF** |
| | ) **DEFENDANTS' MOTION TO** |
| v. | ) **DEEM ANSWER TO AMENDED** |
| | ) **COMPLAINT TIMELY FILED** |
| BRANDON BEASLEY, ERIC | ) |
| URIETA, KENNY CUSTODIO, and | ) |
| UNKNOWN EMPLOYEES OF THE | ) |
| STATE OF NORTH CAROLINA, | |
| | |
| Defendants. | |

NOW COME Defendants Bandon Beasley, Eric Urieta and Kenny Custodio (hereinafter "Defendants"), by and through undersigned counsel pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to request that their Answer to Plaintiffs' Complaint, filed contemporaneously herewith [D.E. 57], be deemed timely filed. In support of this motion, Defendants submit this memorandum in support of the Motion.

### STATEMENT OF THE CASE

1. On June 7, 2021, Plaintiff, a state incarcerated offender, filed this action, under 42 U.S.C. § 1983, alleging violations of his constitutional rights. [D.E. 1]

2. On June 9, 2021, the Court completed its initial frivolity review allowing Plaintiff's Complaint to proceed against Defendants and directed the Clerk to

1

continue management of the case regarding Defendants. [D.E. 8]

3. On September13, 2021, Defendants Beasley and Urieta filed an Answer and raised defenses as to plaintiff's Complaint. [D.E. 15]

4. On September 18, 2021, the Court entered an Order regarding a Discovery Plan. [D.E. 16]

5. On April 27, 2022, Plaintiff filed a motion for Protective Order [D.E. 25], which was granted by this Court on May 13, 2022 [D.E. 26]

6. On May 27, 2022, Plaintiff filed a Motion to Extend the Scheduling Order [D.E.27], which was granted by this Court on May 13, 2022 [D.E. 28]

7. On June 6, 2022, Plaintiff filed a motion to Amend Complaint, which was granted by the Court. [D.E. 29, 30]

8. On August 11, 2022, Plaintiff filed an Amended Complaint. [D.E. 31]

9. When the Amended Complaint was filed, the parties were already in the discovery phase of litigation, including written discovery and preparing for approximately a dozen depositions. The Amended Complaint remained essentially the same as the Initial Complaint with the same page numbers and claims and the only addition was adding another correctional officer Defendant Custodio whose name appeared in some of the written discovery documents.

10. Undersigned counsel inadvertently did not file an Answer to the Amended Complaint and discovery continued. The Answer filed by Defendant Beasley and Urieta to the Initial Complaint is essentially the same of the Answer filed by Defendants Beasley, Urieta and Custodio to the Amended Complaint.

11. This inadvertent error was because of multiple reasons including administrative oversight, lack of calendaring, the numerous other deadlines and an extremely large caseload with an unstaffed section.

12. Plaintiff cannot show that he was prejudiced by this unintentional error.

13. Furthermore, Plaintiff's counsel took extensive depositions of all three defendants in this case essentially going over the same allegations in the Amended Complaint. Plaintiff's counsel was able to hear directly from Defendants' their responses to the allegations in the Amended Complaint which are recorded in the deposition transcripts.

14. Furthermore, Defendants have now filed their Answer to Plaintiff's Amended Complaint. [D.E. 57]

15. Rule 6(b)(A) of the Federal Rules of Civil Procedure provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires if the party failed to act because of excusable neglect..."

16. Whether neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

# ARGUMENT

## I. THE FILING OF AN ANSWER BEFORE AN ENTRY OF DEFAULT CURES ANY INCHOATE DEFAULT

In this case, the plaintiff has not taken an affirmative step of moving for entry of default. Therefore, entry of default has not been granted or filed. Instead, Defendants have filed an Answer prior to the entry of default. Rule 55 does not address the situation, as in the instant case, in which an answer has been filed before the Plaintiff has moved for an entry of default and the clerk has not filed default judgment or an entry of default.

Unfortunately, as one court from the Eastern District of North Carolina has noted, there is a "surprising lack of authority on the specific point." *Hudson v. North Carolina,* 158 F.R.D. 78, 80 (E.D.N.C. 1994). In *Hudson*, the court faced a similar situation except that instead of an answer being filed after the response deadline, the defendant had filed a motion to dismiss. *Id*. The court reasoned that a motion to dismiss was "otherwise defend[ing]" as set forth in Rule 55(a), therefore there was not a distinction between a motion to dismiss and an answer. *Id*. The court then concluded "that the lateness of the filing of the Rule 12 motion is irrelevant because the Defendant's motion was filed before the Plaintiff's Motion for Default Judgment." *Id*. The court further stated:

> At the time the Plaintiff moved for default judgment, Defendants were no longer in default. **Their filing, however late, cured their default and thereafter entry of default would not be appropriate.**

*Id*. (emphasis added).

The rationale of the holding in *Hudson* has been followed by a number of cases including a case in the Middle District of North Carolina. In *Zander v. Saxon Mort. Serv.*, one of the two defendants had untimely filed its answer and motion to dismiss. 2014 U.S. Dist. LEXIS 183740, *2-3 (M.D.NC. November 5, 2014) *aff'd*. 599 Fed. Appx. 521(4th Cir. 2015). The plaintiff moved for entry of default more than seven (7) months after the defendant filed its answer and motion. *Id*. The Honorable William L. Osteen cited *Hudson* in holding that any default by the defendant had been cured by the filing of the answer. *Id*. at *6-7. Importantly, the *Zander* district court ruling was appealed to the Fourth Circuit Court of Appeals where, in a *per curiam* ruling, the Fourth Circuit found "no reversible error." *Zander v. Saxon Mort. Servs.*, 599 Fed. Appx. 521, 521-22 (4th Cir. 2015).

North Carolina case law is in accord with the *Hudson* and *Zander* cases. Using the Federal Rules as a framework and with the same structure and language as Federal Rule 55, North Carolina courts long ago definitively addressed this very issue. In *Peebles v. Moore,* the North Carolina Supreme Court held that "defaults may not be entered after answer has been filed, even though the answer be late." 302 N.C. 351, 356, 275 S.E.2d 833, 836 (1981)(emphasis added); *see also Newton, Inc. v. Tull,* 75 N.C. App. 325, 330 S.E.2d 664, 666 (1985) (citing *Peebles v. Moore)*. This result is logical since the filing of an answer should cure any inchoate claim of default for which entry or judgment of default is not sought by the opposing party and that is not documented by an entry of default.

## II. SECTION 1997e(g) OF TITLE 42 OF THE U.S. CODE PRECLUDES ENTRY OF DEFAULT IN PRISONER CASES WITHOUT A CLEAR, DISTINCT REQUEST BY THE COURT FOR A RESPONSE FROM A DEFENDANT

Subsection (g) of 42 U.S.C. §1997e provides as follows:

(g) Waiver of reply

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. **Notwithstanding any other law or rule of procedure**, such waiver shall not constitute an admission of the allegations contained in the complaint. **No relief shall be granted to the plaintiff unless a reply has been filed.**
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §1997e(g)(emphasis added). The courts addressing this section, including the United States Supreme Court have employed a plain language interpretation to hold that this subsection supersedes Rule 55 and prevents the court from entering default or default judgment in the context of Section 1983 suits by prisoners. In *Jones v. Block*, in the context of interpreting whether exhaustion of remedies must be affirmatively stated, a unanimous Court stated as follows:

> [U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint. See 42 U.S.C. § 1997e(g)(1), (2).

549 U.S. 199, 213-14.

Moreover, in *Thomas v. Lawler,* a court in the Middle District of Pennsylvania addressed the situation in which the court granted an extension of time to respond to

6

an amended complaint and "**directed Defendants to respond to the Amended Complaint** by August 22, 2011." 2012 U.S. Dist. LEXIS 86240*, *2 (M.D. Pa, June 21, 2012)(emphasis added). The Defendants did not file a response and the plaintiff obtained an entry of default. (*Id.*) Defendants subsequently moved to set aside the entry of default. (*Id.*)

In ruling to set aside the entry of default, the court specifically addressed the issue of whether the order granting the extension of time and **"direct[ing]"** the defendants to answer the amended complaint (the "Extension and Directive Order") was the notice to the defendants that they were required to file a response that is provided for in subsection (2) of Section 1997e(g). The court ruled that the Extension and Directive Order was not sufficient to invoke a requirement that the Defendants answer or otherwise defend. The court concluded that the Defendants could waive the right to file a response, even after obtaining an order extending the time to respond which contained language directing defendant to respond by a certain date. (*Id.* *5) The court concluded that the language of the notice to defendants requesting a response must specifically state that the notice is "under the authority of section 1997e(g)." (*Id.*) Accordingly, Section 1997e(g) precludes Plaintiff from proceeding pursuant to Rule 55(a) without a specific notice from the Court invoking the authority of Section 1997e(a).

**IF PLAINTIFF FILES A MOTION FOR ENTRY OF DEFAULT IN THE FUTURE IS SHOULD BE DENIED.**

Rule 55 provides that, when a party has "failed to plead or otherwise

7

defend…the clerk must enter the party's default." Fed. R. Civ. P 55(a). Generally, "default judgment are not favored by the law." *Golden Grove, Inc. Nat. Fumigation, LLC*, 2017 WL 11490493 at *2 (E.D.N.C. March 24, 2017). Courts have discretion in whether to grant a motion for entry of default. *See, e.g., Hudson v. State of North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994). Where a motion for entry of default is challenged, the Court may apply the criteria considered by the court when ruling on a Rule 55(c) motion to set aside a default judgment: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion." *Dalenko v. News and Observer Pub. Co.*, 2010 WL 5174511 at *2 (E.D.N.C. Oct. 26, 2010) (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-205 (4th Cir. 2006)

**DEFENDANTS' MOTION TO DEEM THE ANSWER TIMELY FILED SHOULD BE GRANTED**

Rule 6(b) of the Federal Rules of Civil Procedure provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Whether neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of

8

the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). For the reasons stated above, good cause exists to deem Defendants' responsive pleadings timely filed.

**THE PLAINTIFF WILL NOT BE PREJUDICED AND GOOD CAUSE EXISTS**

Through no fault of their own the answer to the Amended Complaint of the Defendants was not able to be filed. Further, Defendants have now filed their Answer. Plaintiff has not and will not be prejudiced.

**CONCLUSION**

**WHEREFORE**, for the reasons set forth above, for good cause, Defendants respectfully requests that the Court grant the Motion.

This the 5th day of September, 2023.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/Bryan G. Nichols
Bryan G. Nichols
Special Deputy Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice

9

Public Safety Section
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6568
Facsimile: (919) 716-6761
E-Mail: bnichols@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DEEM ANSWER TO AMENDED COMPLAINT TIMELY FILED with the Clerk of the Court using the CM/ECF system.

| | |
|---|---|
| Alison R. Leff, Esq. | G. Christopher Olson |
| Law Office of Thomas R. Kayes, LLC | Olson Law, PLLC |
| 2045 W Grand Ave., Suite B, PMB 62448 | 514 Daniels Street, #136 |
| Chicago, IL 60612 | Raleigh, NC 27605 |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

This the 5th day of September, 2023.

/s/Bryan Nichols
Bryan Nichols
Special Deputy Attorney General