IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3157-D

BRANDON CASE, )
)
Plaintiff, )
)
v. ) **ORDER TO SHOW CAUSE**
)
OFFICER BEASLEY, et al., )
)
Defendants. )

An attorney's signature on a filing in this district "certifies that . . . the document conforms to the practice and procedure of this court." Local Civ. R. 83.1(d). On September 5, 2023, Special Deputy Attorney General Bryan G. Nichols violated that local rule when he signed and filed defendants' motion for summary judgment, because he did not support the motion with a separate statement of material facts or an appendix of exhibits as required by Local Civil Rule 56.1. Instead, Nichols wrote a "statement of facts" in non-sequentially numbered paragraphs in his memorandum of law, cited to exhibits he did not file, and moved to manually file a video exhibit he did not list as an exhibit in any appendix. See [D.E. 63, 64]. By failing to file the exhibits, Nichols additionally violated Federal Rule of Civil Procedure 56(c)(1)(A), because the exhibits are not "in the record." Fed. R. Civ. P. 56(c)(1)(A). Moreover, Nichols failed to comply with this court's August 17, 2023 order directing him to address King v. Riley, 76 F.4th 259 (2023), in connection with any discussion of qualified immunity. Compare Order [D.E. 56] 3, with Defs.' Mem. [D.E. 64] 18–21. Plaintiff urges the court to strike the motion for summary judgment. See [D.E. 66] 5–7.

Nichols has repeatedly ignored the court's local rules when filing motions for summary judgment. See Mot. Summ. J., McNeill v. Harris, No. 5:21-CT-3290 (E.D.N.C. June 20, 2023),

[D.E. 69] (no memorandum, statement of material facts, or appendix); Mot. Summ. J., Newsaun v. Shirley, No. 5:21-CT-3124 (E.D.N.C. Dec. 12, 2022), [D.E. 23] (no statement of material facts or appendix; denied without prejudice because Nichols took no action in response to a court directive to correct the motion); Mot. Summ. J., Newell v. Davis, No. 5:21-CT-3129 (E.D.N.C. Oct. 22, 2022), [D.E. 46] (filed at 12:43 a.m.; no memorandum, statement of material facts, or appendix);[1] Mot. Summ. J., Newell v. Hawkins, No. 5:20-CT-3200 (E.D.N.C. Sept. 22, 2022), [D.E. 60] (no statement of material facts); Mot. Summ. J., Allen v. Hetrick, No. 5:20-CT-3101 (E.D.N.C. May 25, 2022), [D.E. 56] (no memorandum, statement of material facts, or appendix; filed a corrected motion for summary judgment after the deadline set by the court and in response to an order to show cause; did not move to have the motion deemed timely filed and did not file a separate response to the show cause order); Mot. Summ. J., Newell v. Hooks, No. 5:20-CT-3062 (E.D.N.C. May 13, 2022), [D.E. 74] (filed in response to an order to show cause; no appendix). Apparently, Nichols has equal disregard for other districts' local rules. See, e.g., Bolen v. Smith, No. 3:19-CV-709, 2023 WL 373885, at *2 & n.3 (W.D.N.C. Jan. 24, 2023) (unpublished); Patterson v. Henderson, No. 1:19CV204, 2023 WL 184119, at *3 (M.D.N.C. Jan. 13, 2023) (unpublished).

Federal courts in this state have admonished Nichols for his conduct and have taken the extraordinary step of serving Nichols's supervisor with copies of those orders. See, e.g., Newell, No. 5:21-CT-3129, [D.E. 59]; Order, Best v. Ezzell, No. 5:22-CT-3122 (E.D.N.C. Sept. 11, 2023), [D.E. 33]; Patterson v. Henderson, No. 1:19-CV-204, 2023 WL 2990347, at *6 (M.D.N.C. Apr. 18, 2023)

---

[1] In Newell, the court offered Nichols an opportunity to renew his motion for summary judgment. See Order, Newell v. Davis, No. 5:21-CT-3129 (E.D.N.C. Oct. 27, 2022), [D.E. 47]. Nichols's renewed motion for summary judgment was so "procedurally and substantively insufficient" that the court was constrained to deny it. Order, Newell v. Davis, No. 5:21-CT-3129 (E.D.N.C. Sept. 18, 2023), [D.E. 59].

2

(unpublished); Order, Griffin v. Hooks, No. 3:19-CV-135 (W.D.N.C. Mar. 11, 2022), [D.E. 159]; Order, McClellan v. Schetter, No. 1:20-CV-189 (W.D.N.C. Dec. 8, 2021), [D.E. 48]; Order, Griffin v. Hooks, No. 3:19-CV-135 (W.D.N.C. Oct. 27, 2021), [D.E. 149]. These steps have not improved Nichols's professionalism. On May 2, 2023, a court sanctioned Nichols in the amount of $1,000, based on his "carelessness in responding to . . . discovery requests" and where "[t]he Plaintiff's Motion for Summary Judgment was premised entirely on the Defendant's failure to respond to the Requests for admissions." Bolen v. Smith, No. 3:19-CV-709, 2023 WL 3212343, at *1–2 (W.D.N.C. May 2, 2023) (unpublished).

The requirements of Local Civil Rule 56.1 are "not empty formalities," Jackson v. Broome Cnty. Corr. Facility, 194 F.R.D. 436, 437 (N.D.N.Y. 2000), or "a trap for the unwary designed to ensnare hapless litigants." CertusView Techs., LLC v. S&N Locating Servs., LLC, No. 2:13CV346, 2015 WL 4717256, at *5 (E.D. Va. Aug. 7, 2015) (unpublished). A party's statement of material facts serves two critical functions: it conserves judicial resources by providing the court "with an organized analytical framework" in which to assess the motion, and gives the nonmovant adequate notice "of the facts that the movant contends are undisputed and support the movant's alleged entitlement to judgment as a matter of law" in order to file a response in opposition to the motion. CertusView Techs., 2015 WL 4717256, at *5; see Libel v. Adventure Lands of Am., Inc., 482 F.3d 1028, 1032 (8th Cir. 2007); Aquino by Convergent Distribs. of Tex., LLC v. Alexander Cap., LP, 642 B.R. 106, 124 (S.D.N.Y. 2022) (cleaned up), recons. denied, 2023 WL 2751541 (S.D.N.Y. Mar. 31, 2023) (unpublished); Jackson, 194 F.R.D. at 437. By failing to comply with this rule, Nichols has "undermine[d] the ability of both nonmovant and court to make a cogent and coherent assessment of the motion." Jackson, 194 F.R.D. at 436; see Bordelon v. Chicago Sch. Reform Bd.

3

of Trs., 233 F.3d 524, 527 (7th Cir. 2000).

Attorneys may occasionally fail to comply with the court's local rules, or may file a motion for summary judgment that is in substantial if not actual compliance with Local Civil Rule 56.1. Cf. Hailey v. City of Camden, No. CV 14-1018, 2017 WL 2656011, at *7 (D.N.J. June 20, 2017) (unpublished); CertusView Techs., 2015 WL 4717256, at *4–5. "Here, context matters too." CertusView Techs., 2015 WL 4717256, at *5. Nichols has repeatedly filed motions for summary judgment in this district that do not comply with the local rule, and courts have repeatedly informed him that these motions are procedurally and substantively deficient.

The court DIRECTS Nichols to show cause why the court should not strike defendants' motion for summary judgment. Nichols shall file his response on or before January 5, 2024. Nichols's failure to timely file his response will result in the imposition of sanctions. The court DIRECTS the clerk to serve a copy of this order by email on James Trachtman, Special Deputy Attorney General, Section Head, Public Safety Section, North Carolina Department of Justice.

SO ORDERED. This 8 day of December, 2023.

JAMES C. DEVER III
United States District Judge