IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3157-D

BRANDON CASE, )
)
Plaintiff, )
)
v. ) **ORDER**
)
OFFICER BEASLEY, et al., )
)
Defendants. )

On January 21, 2020, a "safekeeper" inmate brutally and "without provocation" assaulted Brandon Case ("Case" or "plaintiff") at Central Prison, leaving Case permanently and severely disfigured and "in constant pain since the attack." Am. Compl. [D.E. 31] ¶¶ 24, 30, 33–36, 41–42, 45. No fewer than three times, a safekeeper has previously attacked a general population inmate "in the same spot where Case was attacked." Id. ¶¶ 46–47. Case contends that the attack occured because defendants did not follow prison policies concerning separation of general population and safekeeper inmates during inmate movements. See id. ¶¶ 15–23, 27–33. Specifically, Case contends that on the day of his assault, defendant Custodio intentionally left a locked door open "for some time[]" because numerous general population inmates (including Case) were traveling to and from the barber shop through this door, even though Custodio "knew there were safekeepers at recreation." Pl.'s SMF [D.E. 51] ¶¶ 44–61. He alleges this decision allowed the safekeeper's attack. See id. at ¶¶ 65–74.

On August 26, 2022, Case served requests for admission on defendant Custodio. See id. ¶ 82; [D.E. 62] ¶ 10. Custodio failed to timely respond to the requests for admission. See Fed. R. Civ. P. 369a)(3); Pl.'s SMF ¶ 85; [D.E. 62] ¶¶ 11–13. Case seeks summary judgment on count three of

the amended complaint against Custodio through the unanswered admissions. See Fed. R. Civ. P. 36(a)(3); [D.E. 50] 6–12; see also Pl.'s SMF ¶¶ 65–68, 73–75. Custodio moves to withdraw or amend his admissions [D.E. 62]. Case opposes the motion [D.E. 65]. Defendants move for summary judgment [D.E. 60], and the parties move to manually file video exhibits [D.E. 63, 69].[1] As explained below, the court grants the motions in part and allows the parties an opportunity to file renewed motions for summary judgment.

I.

A party has 30 days after receiving a request for admissions to "serve[] on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "The purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation." Adventis, Inc. v. Consol. Prop. Holdings, Inc., 124 F. App'x 169, 172 (4th Cir. 2005) (unpublished).

Absent a written answer or objection, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The court may permit withdrawal or amendment if it "would promote the presentation of the merits of the action" not prejudice the opposing party. Id.; see Adventis, Inc., 124 F. App'x at 173; United States for Graybar Elec. Co., Inc. v. TEAM Constr., LLC, 275 F. Supp. 3d 737, 742 (E.D.N.C. 2017). Even when the two-part test is satisfied, the court may deny relief. See Conlon v. United States, 474 F.3d 616, 624–25 (9th Cir. 2007) (collecting cases); In re Carney, 258 F.3d 415, 419 (5th Cir. 2001).

Custodio's attorney did not timely answer plaintiff's request for admissions. Cf. [D.E. 56] 1–2; Patterson v. Henderson, No. 1:19-CV-204, 2023 WL 2990347, at *6 & n.8 (M.D.N.C. Apr. 18,

---

[1] The court grants defendants' motion to have their answer deemed timely filed [D.E. 58].

2

2023) (unpublished); Bolen v. Smith, No. 3:19-CV-00709, 2023 WL 373885, at *2 (W.D.N.C. Jan. 24, 2023) (unpublished). However, "more than a failure to meet deadlines is required to deny a party relief from an admission." Raiser v. Utah Cnty., 409 F.3d 1243, 1247 (10th Cir. 2005). Rather, the "court's focus must be on the 'effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous omission.'" In re Durability Inc., 212 F.3d 551, 556 (10th Cir. 2000) (quoting Fed. Deposit Ins. Corp. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994)).

Custodio's admissions "would practically eliminate any presentation of the merits of the case" against him. Conlon, 474 F.3d at 622 (quotation omitted); see Reo v. Lindstedt, No. 21-3633, 2022 WL 17492099, at *1 (6th Cir. Dec. 8, 2022) (per curiam) (unpublished); Bolen, 2023 WL 373885, at *3; Campbell v. Tanton, No. 2:18-CV-00671, 2022 WL 9447190, at *10 (E.D. Cal. Oct. 14, 2022) (unpublished). This result is too severe because the fault does not lie with Custodio personally. See Patterson, 2023 WL 2990347, at *5; cf. Reo, 2022 WL 17492099, at *1. Furthermore, Case has not met his "burden of proving prejudice" where he conducted extensive fact discovery and relies on the deemed admissions to seek summary judgment against Custodio. Conlon, 474 F.3d at 622, 624; see Prusia, 18 F.3d at 640; Campbell, 2022 WL 9447190, at *10.

The court grants Custodio's motion to withdraw or amend his admissions, and denies Case's motion for summary judgment without prejudice. See Bolen, 2023 WL 373885, at *4; Campbell, 2022 WL 9447190, at *11. Case may file another motion for summary judgment and seek appropriate sanctions incurred as a result of the untimely admissions. See Bolen v. Smith, No. 3:19-CV-00709, 2023 WL 3212343, at *1 (W.D.N.C. May 2, 2023) (unpublished); Patterson, 2023 WL 2990347, at *2 & n.8; Bolen, 2023 WL 373885, at *3.

Defendants move for summary judgment and argue that they are entitled to qualified immunity. See [D.E. 60]; [D.E. 64] 18–21. Defendants did not file a statement of material facts

or an appendix of exhibits with their motion for summary judgment. See Local Civ. R. 56.1. Additionally, defendants failed to comply with the court's August 17, 2023 order directing them to address King v. Riley, 76 F.4th 259 (2023), concerning any discussion of qualified immunity. Compare Order [D.E. 56] 3 with Defs.' Mem. [D.E. 64] 18–21. The court denies the motion and the parties' related motions to manually file video exhibits without prejudice. The parties shall have until January 26, 2024, to file renewed motions for summary judgment which comply with this order and the court's local rules.

II.

In sum, the court GRANTS defendants' motions to deem their answer timely filed and to withdraw or amend Custodio's answers to plaintiffs' request for admissions [D.E. 58, 59]. The court DENIES the parties' motions for summary judgment and to manually file video exhibits [D.E. 49, 60, 63, 69] WITHOUT PREJUDICE. The parties shall have until January 26, 2024, to file renewed motions for summary judgment which comply with this order and the court's local rules. **There will be no extension of this deadline.**

SO ORDERED. This 12 day of December, 2023.

*/s/ J. Dever*
JAMES C. DEVER III
United States District Judge

4