|  |  |  |
|---|---|---|
| BRANDON CASE, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT CUSTODIO'S** |
| v. | ) | **RESPONSES TO PLAINTIFF'S FIRST** |
| | ) | **REQUEST FOR ADMISSIONS** |
| BEASLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant Kenny Custodio (hereinafter "Defendant"), pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, and hereby provides responses to Plaintiff's First Request for Admissions, (hereinafter "Discovery Requests"):

## GENERAL OBJECTIONS

A.      Defendants object to any and all "Instructions" and "Definitions" contained in the Discovery Requests to the extent those "Instructions" and "Definitions" are beyond the scope of the requirements under the Federal Rules of Civil Procedure or beyond the scope of any prior orders entered in this case.  Furthermore, Defendants object to the Discovery Requests to the extent that they seek to define terms and/or characterize evidence in this matter.  To the extent that Defendants adopt any terms used by Plaintiff in the Discovery Requests, such adoption is solely limited to the objections and responses herein, and does not constitute an admission of law or fact by Defendants.

B.      The inadvertent disclosure of information or the production of documents by Defendants containing information protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege, shall not constitute a waiver of such privilege with respect to that information or those or any other documents.  In the event that inadvertent production occurs, the Plaintiff shall return all inadvertently produced documents to Defendants' counsel upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

C.      Pursuant to statute, prison records are maintained in a classified manner, N.C.G.S. § 148-76, "under the control and direction of the Secretary of Public Safety ['Secretary']," *id.* § 148-74.  The records of prisoners in the custody of the Department of Public Safety ("DPS"), Division of Adult Correction ("DAC") are confidential and are not subject to inspection by the public or the inmate or those acting on behalf of the inmate. *Goble v. Bounds*, 13 N.C. App. 579, 186 S.E.2d 638, *aff'd* 281 N.C. 307, 188 S.E.2d 347 (1972). Except as otherwise noted, all documents referenced herein or provided herein are not in Defendant's possession or control, but

have been provided to the undersigned Assistant Attorney General at the direction of the Secretary of Public Safety for the limited purpose of the defense of this action under the Defense of State Employees Act, N.C.G.S. § 143-300.2 *et seq.* All such documents remain classified, confidential, privileged and under the control and direction of the Secretary.

D.  Defendants have responded to the Discovery Requests as they interpret and understand them. If Plaintiff subsequently asserts an interpretation of any Discovery Request differing from Defendants' understanding, Defendants reserve the right to supplement its objections and responses.

E.  The Defendants expressly reserve their right to supplement or modify these responses with such pertinent information as he may hereafter discover and will do so to the extent required by the Federal Rules of Civil Procedure. Defendants acknowledge their continuing duty to supplement these responses. The Defendants expressly reserve the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

F.  All answers to Discovery Requests are subject to these general objections. Any answer provided herein is not intended to, and should not be understood to, waive these general objections.

## REQUEST FOR ADMISSIONS

**Request No. 1.** Admit the physical injuries Plaintiff suffered from being attacked by Kenneth Kennion on January 21, 2020 are serious.

**RESPONSE: It is admitted that Plaintiff suffered physical injuries during the incident with Kenneth Kennion on January 21, 2020.**

**Request No. 2.** Admit the physical injuries Plaintiff suffered from being attacked by Kenneth Kennion on January 21, 2020 are significant.

**RESPONSE: It is admitted that Plaintiff suffered physical injuries during the incident with Kenneth Kennion on January 21, 2020.**

**Request No. 3.** Admit the emotional injuries Plaintiff suffered from being attacked by Kenneth Kennion on January 21, 2020 are serious.

**RESPONSE: Defendant cannot admit or deny therefore it is denied.**

2

**Request No. 4.**  Admit the emotional injuries Plaintiff suffered from being attacked by Kenneth Kennion on January 21, 2020 are significant.

**RESPONSE: Defendant cannot admit or deny therefore it is denied.**

**Request No. 5.**  Admit that on January 21, 2020, you knew of the risk that Kenneth Kennion might attack Plaintiff if he and Plaintiff were permitted to enter a prison hallway at the same time.

**RESPONSE:  Denied.**

**Request No. 6.**  Admit that on January 21, 2020, you disregarded the risk that Kenneth Kennion might attack Plaintiff if he and Plaintiff were permitted to enter a prison hallway at the same time.

**RESPONSE:  Denied.**

**Request No. 7.**  Admit that the risk of Kenneth Kennion attacking Plaintiff if he and Plaintiff were permitted to enter a prison hallway at the same time was obvious.

**RESPONSE:  Denied.**

**Request No. 8.**  Admit that you could not have failed to know about the risk of Kenneth Kennion attacking Plaintiff if he and Plaintiff were permitted to enter a prison hallway at the same time.

**RESPONSE:  The question is poorly worded and difficult to understand therefore it is denied.**

**Request No. 9.**  Admit that on January 21, 2020, you had the ability to prevent Kenneth Kennion from entering the prison hallway where he attacked Plaintiff while Plaintiff was still in the hallway.

**RESPONSE: It is admitted that I was in the control booth upstairs.**

**Request No. 10.**  Admit that on January 21, 2020, you had the ability to prevent Plaintiff from entering the prison hallway where Kenneth Kennion attacked him while Kennion was still in the hallway.

**RESPONSE:  It is admitted that I was in the control booth upstairs.**

**Request No. 11.**  Admit that on January 21, 2020, you had the ability to take reasonable measures

3

to abate the risk that Kenneth Kennion might attack Plaintiff if the two prisoners were permitted to enter a prison hallway at the same time.

**RESPONSE: Denied.**


**Request No. 12.** Admit that on January 21, 2020, you failed to take reasonable measures to abate the risk that Kenneth Kennion might attack Plaintiff if the two prisoners were permitted to enter a prison hallway at the same time

**RESPONSE: Denied.**


**Request No. 13.** Admit that you were acting under color of law within the meaning of 42 U.S.C. § 1983 immediately before, during and immediately after Kenneth Kennion's attack on Plaintiff on January 21, 2020.

**RESPONSE: It is admitted that I was on the clock working on January 21, 2020 when the incident occurred between Plaintiff and Kennion.**


This the 5 day of September, 2023.

**JOSHUAH H. STEIN**
Attorney General

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6568
E-mail: bnichols@ncdoj.gov
Attorney for Defendant Custodio


## CERTIFICATE OF SERVICE

I hereby certify that I have electronically served the foregoing document on counsel of record as follows:

Alison R. Leff, Esq.
The Civil Rights Group, LLC
2045 W Grand Ave., Suite B, PMB 62448
Chicago, IL 60612

G. Christopher Olson
Olson Law, PLLC
514 Daniels Street, #136
Raleigh, NC 27605

4

alison@civilrightsgroup.com                     chris@olsonlaw-pllc.com
*Attorneys for Plaintiff*                            *Attorneys for Plaintiff*

This the 5th day of September, 2022.

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General

5

Response SOMF Appendix                                              Exhibit 2.